## Case No. 7,500.
### JONES v. VANKIRK et al.
[2 Fish. Pat. Cas. 586.] [1]

Circuit Court, E. D. Pennsylvania. Oct., 1865.

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

George S. Boutwell and George Harding, for complainant.

S. D. Law and Theodore Cuyler, for defendants.

GRIER, Circuit Justice. The respondents, in October, 1861, entered into an agreement with complainant, by which they obtained a license from him to use his improvements in lamps, for which he had a renewed patent, dated January 11, 1859. Since that time respondents have used the invention without interference or claim of any other person. Respondents had obtained a patent in 1860, which was a palpable infringement of complainant's patent. At the time or after the execution of this agreement, they protested

that it should not be construed as an acknowledgment that the burners made with a spiral spring were subject to any of the provisions of the agreement. Nevertheless, they stamped on each burner, so made, the words, "E. F. Jones, patent, May 4th, 1858," as they had covenanted with Jones to do.

They thus publicly acknowledged, on every lamp sold by them, that it was made under Jones' patent. In doing this, they acted honestly, for their patent of 1860, which they now set up, is a palpable infringement of Jones' patent. It merely substitutes one kind of spring for another better one, described as one of the devices in the combination as claimed in Jones' patent.

The respondents have enjoyed the benefit of their license without interference—they allege no fraud or unfair dealings on the part of Jones, but have attempted to prove that Jones was not the first inventor of the combination of devices patented by him.

It is not worth while inquiring whether the respondents are not estopped from alleging any such defense under the circumstances, as the evidence does not establish the fact of a prior invention. It shows only that others have tried some of the devices used in Jones' patent. The result being that they came very near, but never succeeded, in accomplishing what Jones has accomplished. This is the history of nearly every valuable invention or discovery that has ever been made. See remarks on this subject in Goodyear v. Day [Case No. 5,569]. Let a decree be entered for an account, as prayed for in the bill.